IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICKEY MOBLEY, | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. AMD-05-1664 |
| STATE OF MARYLAND, et al., | : | |
| Defendants | : | |

..o0o..

MEMORANDUM

Now pending are plaintiff's motions for appointment of counsel and motion for a temporary restraining order. Papers No. 6, 17, 19 and 20. For the reasons that follow, the motions shall be denied.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[1] is a discretionary one, and may be exercised where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*.

Upon careful consideration of the motions and previous filings by plaintiff, this court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself, or secure meaningful assistance in doing so. Plaintiff has filed prolific accounts of his allegations of conspiracy and assault, and has established that he is capable of complying with the filing deadlines imposed by this court. Therefore, this court concludes that there are no exceptional

---

[1]Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

circumstances which would warrant the appointment of an attorney to represent plaintiff under § 1915(e)(1) at this time.

In his motion for temporary restraining order, plaintiff seeks an order requiring correctional staff at the Maryland House of Correction Annex[2] to cease and desist from enforcing a rule prohibiting inmates from covering or blocking their cell windows and ceiling light fixtures.  Paper No. 20.  He further claims that the punishment for violating the rule, including loss of out-of-cell activities and delay of meals, is unduly harsh for such trivial violations.  *Id*.

The standard applicable in consideration of a motion for injunctive relief is set forth in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977), which holds that injunctive relief may only be granted if the movant can demonstrate: (1) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (2) the likelihood that defendant/respondent will not be harmed if the requested relief is granted; (3) the likelihood that he will succeed on the merits; and (4) that the public interest will be served if the injunction is granted. *See Blackwelder*, 550 F.2d at 195-96; *see also Ciena Corp. v. Jarrard*, 203 F.3d 312, 322-23 (4th Cir. 2000). Plaintiff has failed to allege anything indicating that he would be irreparably harmed through the enforcement of the challenged rule. Moreover it is not the province of this court to determine which of the many precautions taken by prison officials to insure the safety of inmates and employees are necessary. When balanced against the public interest at stake, it is clear that intervention by this court into the management of security issues in place at the prison is the only potential harm presented. The motion for a temporary restraining order will, therefore, be denied.

Filed: March 10, 2006         _____/s/_____
                              Andre M. Davis
                              United States District Judge

---

[2] Now known as the Jessup Correctional Institution.

2